IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GARY LOCKETT, | : |
| | : |
|       Petitioner, | : |
| VS. | : |
| | :   NO. 7:16-CV-00068-HL-TQL |
| WARDEN, FCI Estill, SC, | : |
| | : |
|       Respondent. | : |
| _____ | : |

## ORDER

Petitioner Gary Lockett, an inmate currently confined at the Federal Correctional Institution in Estill, South Carolina, has filed a *pro se* petition on the Court's standard form for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner challenges his March 26, 2012 conviction in this district, contending that his sentencing enhancement as a career offender is illegal. (Pet. 1, 6, ECF No. 1.) Petitioner requests that his sentence be vacated and that he be resentenced without the career offender enhancement. *Id.* at 6.

Petitioner's challenge to his sentence is based on the United States Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2251 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). (*See* Pet. at 6.) *Johnson* held that certain text within the Armed Career Criminal Act ("ACCA") known as the "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. *Welch* held that the rule announced in *Johnson* is retroactive because it is a substantive rule of constitutional law. *Welch*, 136 S. Ct. at 1268. The Eleventh Circuit recently confirmed that *Johnson* can


serve as the basis for a second or successive § 2255 motion. *In re Robinson*, No. 16-11304, 2016 WL 1583616, at *1 (11th Cir. Apr. 19, 2016).

In this case, Petitioner has not yet filed a § 2255 motion, and it appears such motion is the appropriate vehicle to challenge the application of the career offender enhancement to his sentence. *See Robinson*, 2016 WL 1583616 at *1. This Court will thus recharacterize Petitioner's § 2241 filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Such recharacterization may have serious consequences upon Petitioner's future rights, however, because the filing of a first motion under § 2255 will subject any subsequent motion attacking his federal conviction or sentence to the restrictive conditions that federal law imposes upon a second or successive § 2255 motion. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Gooden v. United States*, 627 F.3d 846, 847-48 (11th Cir. 2010).

Because of these consequences, and in accordance with the Supreme Court's direction in *Castro*, the Court hereby **NOTIFIES** Petitioner that the Court intends to recharacterize this action as a first motion under 28 U.S.C. § 2255. The Court further **WARNS** Petitioner that such recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, as provided in 28 U.S.C. § 2255(h). Petitioner is also advised to consult 28 U.S.C. § 2255(f) regarding the applicable one-year statute of limitations within which new claims must be filed.

**WHEREFORE**, Petitioner shall have until **July 27, 2016** to take one of the following actions:

(1) Notify this Court that he will assert only the claims contained in his original Petition (ECF No. 1), as recharacterized by this Court as a section 2255 motion;
(2) Amend his motion so that it contains any additional claims he may have attacking his federal conviction or sentence; or
(3) Withdraw his motion.

If Petitioner fails to respond to this Order, this action shall proceed under § 2255, with the Court considering only those claims presented in Petitioner's original motion. The Clerk is **DIRECTED** to re-file the Petition in Petitioner's criminal case and to **DISMISS** this civil action.

**SO ORDERED**, this 28th day of June, 2016.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

3